UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
LIXANDER MORALES,

        Plaintiff,

 -against-

QUEENS PRIVATE DETENTION FACILITY, THE GEO
GROUP, INC., WARDEN ZERILLO, DR. DUPOUX,
SHARON MACINTOSHI RN. H.S.A., UNITED STATES
MARSHALS SERVICE,

        Defendants.
------------------------------------------------------------------- X

16-cv-269 (ARR) (LB)

NOT FOR PUBLICATION

OPINION AND ORDER

  On December 21, 2015, pro se plaintiff Lixander Morales, a prisoner at the Queens Detention Facility, filed the above-captioned civil rights complaint against the prison, the private company that manages the prison, several prison employees, and the United States Marshals Service ("USMS"). Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted, but, for the reasons set forth below, the complaint is dismissed in its entirety.

## BACKGROUND[1]

  Plaintiff's claims arise from an umbilical hernia that he underwent surgery to repair on November 30, 2015 at Jamaica Hospital. Compl. at 56. After the surgery, the doctors at the hospital informed the USMS that in order to discharge plaintiff, they would have to ensure that the appropriate pain medication would be available for plaintiff once he returned to prison. Id. In response, the transportation officer for USMS provided the hospital with contact information for the medical department at Queens Detention Facility. Id. The surgeon at the hospital called the

---

[1] All facts are drawn from plaintiff's complaint and attached exhibits. Compl. ("Compl."), Dkt. #1. For the purposes of this motion, all of plaintiff's allegations are accepted as true.

1

prison's medical department and was assured that the necessary medication would be available for plaintiff. Id. Plaintiff was then informed by the hospital that he was to be given one tablet of oxycodone-acetaminophen every four hours. Id. Once he returned to Queens Detention Facility, however, plaintiff was denied his prescribed medication and was given only ibuprofen to treat his pain. Id. at 57.

In addition, plaintiff's wound began leaking blood and fluid two weeks after the surgery. Id. On December 15, 2015, he was seen by a doctor at the prison, Dr. Dupoux, who told plaintiff he would have to go to the the emergency room. Id. Despite this, the facility did not send him to the emergency room until he was seen a second time by Dr. Dupoux on December 17, 2015. Id. When plaintiff went to the emergency room on December 17, the hospital informed the prison that he should have a follow-up appointment in one week, but plaintiff did not see another doctor until January 5, 2016. Id. at 58.

Plaintiff submitted at least ten requests for medical services between December 2, 2015 and January 3, 2016, see id. at 17-26, as well as multiple written grievances related to the lack of medical care he was receiving.

Plaintiff now brings suit alleging numerous violations of his Eigth Amendment right to adequate medical treatment while incarcerated. Id. at 9-14. Plaintiff names the following people and entities as defendants:

1) Queens Detention Facility

2) The company that manages the prison facility, the GEO Group, Inc.

3) The warden of the prison facility, Warden Zerillo

4) Dr. Dupoux

5) A nurse at the prison facility, Sharon Macintoshi

6) the United States Marshal Service.

Plaintiff seeks injunctive relief ordering the facility to provide proper wound cleaning and follow-up care and seeks monetary damages of $550,000. Id. at 5.

## **STANDARD OF REVIEW**

In order to progress beyond the pleading stage, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At the pleading stage, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Twombly, 550 U.S. at 555-56. However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

The court is mindful, however, that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). While pro se complaints must contain sufficient factual allegations to meet the plausibility standard, the court reviews such allegations by reading the complaint "liberally" and interpreting the allegations to raise the "strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

Pursuant to the in forma pauperis statute, the court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

3

28 U.S.C. § 1915(e)(2)(B). In addition, when reviewing a complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

## DISCUSSION

Plaintiff's complaint is filed pursuant to 42 U.S.C. § 1983, which permits recovery against state officials for violatons of a plaintiff's civil rights. The defendants in this case are a privately managed federal prison, its employees, its management company, and the USMS. As none of these defendants act on behalf of the state government, § 1983 is inapplicable to this case.

Liberally construing plaintiff's complaint, however, the court will consider whether plaintiff's claims my proceed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which permits recovery for some constitutional violations by federal officials, even in the absence of a statute conferring such a right. See Carlson v. Green, 446 U.S. 14, 18 (1980). To state a claim under Bivens, a plaintiff must "allege that a defendant acted under color of federal law to deprive plaintiff of a constitutional right." Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995). In other words, a plaintiff must show that his rights were violated by a defendant acting on behalf of the federal government in order to succeed on a Bivens claim.

Even if interpreated as a Bivens claim, plaintiff's claim must be dismissed as Bivens does not extend to claims against private prisons and their managers. See Correctional Services Corp.

4

v. Malesko, 534 U.S. 61, 63 (2001) (declining to extend Bivens "to allow recovery against a private corporation operating a halfway house under contract with the Bureau of Prisons"). Bivens is similarly inapplicable to claims against the employees of private prisons, at least where a state tort remedy is available. See Minneci v. Pollard, 132 S. Ct. 617, 626 (2012) (dismissing prisoner's Bivens action for improper medical care against personnel at privately operated prison and finding that "the prisoner must seek a remedy under state tort law").

As the Supreme Court has declined to extend Bivens liability to private prisons and their employees, plaintiff may only receive relief for his injuries in state court. Althought its inmates are in federal custody, the Queens Detention Facility is a privately run facility managed by the GEO Group Inc., a private company under contract with the United States Marshals Service. See The GEO Group, Inc., http://www.geogroup.com/Maps/Location Details/13 (last visited Feb. 4, 2016). All of the named individual defendants are private employees of the facility. Accordingly, plaintiff's Bivens claims against the Queens Detention Facility, the GEO Group, Warden Zerillo, Dr. Dupoux, and Sharon Macintoshi are dismissed for failure to state a claim, as none of these private defendants act on behalf of the federal government. New York state law provides tort remedies against private actors for both negligence and medical malpractice, and plaintiff is free to file claims against these defendants in state court. See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P., 737 F.3d 166, 177 (2d Cir. 2013) (explaining elements of negligence claim under New York law); Faicco v. Golub, N.Y.S.2d 105, 106 (2d Dep't. 2012) (explaining elements of medical malpractice claim under New York law).

Plaintiff also cannot maintain a Bivens claim against the USMS. Bivens claims must be brought against the individuals personally responsible for the alleged deprivation of constitutional rights, not against the agencies they work for. See F.D.I.C. v. Meyer, 510 U.S.

471, 485-86 (1994); Razzoli v. Executive Office of U.S. Marshals, No. 10-CV-4269, 2010 WL 5051083, at *3 (E.D.N.Y. Dec. 2, 2010) (noting that Bivens claims cannot be brought against the United States Marshals Service). Thus, plaintiff's Bivens claim against USMS must be also be dismissed for failure to state a claim.

While the court would ordinarily allow a pro se plaintiff to amend his complaint to name the appropriate defendant (in this case, an individual Marshall), plaintiff does not allege that any individual Marshal denied him medical care or was responsible for any other deprivation of his constitutional rights. In fact, he states that the Marshal responsible for his transportation facilitated necessary communication about follow-up care between Jamaica Hospital and the medical department at the prison where plaintiff was held. Compl. at 56.

## CONCLUSION

Plaintiff's request to proceed in forma pauperis is granted. For the foregoing reasons, the complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Allyne Ross

Allyne R. Ross
United States District Judge

Dated: February 9, 2016
Brooklyn, New York